# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Delbert M. Greene, | Case No. 2:23-cv-00461-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT & RECOMMENDATION** |
| Steven Grierson, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Delbert Greene is currently incarcerated at High Desert State Prison. Mr. Greene submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 1). He submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF Nos. 1, 4–5. Accordingly, Mr. Greene's request to proceed *in forma pauperis* will be granted.

The Court next screens the complaint. ECF No. 1-1.

**I.   Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Screening the Complaint

Mr. Greene brings several claims for conduct that transpired prior to and during his trial, which resulted in what he believes was an unconstitutional confinement. As to the charges against him, he alleges they were improperly duplicitous. He also claims the indictment was altered and not presented to the grand jury and that it did not contain a forensic report which excluded him as a suspect in the case. In addition, he alleges he did not have access to certain records needed to properly defend his case and that his court-appointed counsel failed to properly investigate the case. According to Mr. Greene, his family members were also precluded from testifying. Moreover, he finds fault with the way in which the jury selection process unfolded and with the denial of certain evidentiary hearings. Based on these facts, he alleges several constitutional violations under 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1985, 42 U.S.C. § 1986, racial discrimination, conspiracy, liability, and legal malpractice.

Mr. Greene names several defendants: District Attorneys Elizabeth Mercer and Taylor Reeves; court-appointed counsel John Parris, Adam Gill, Caesar Almase; court clerk Steven Grierson; court reporter Kimberly Farkas; and Judges Jerry Weiss and Carolyn Ellsworth.

### A. Constitutional Claims under 42 U.S.C. § 1983

"In order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been

invalidated." *Trimble v. City of Santa Rose*, 49 F.3d 583, 585 (9th Cir. 2004). Here, a judgment in Plaintiff's favor (finding that his rights to effective assistance of counsel or due process were violated) would necessarily imply the invalidity of his conviction or sentence. However, Plaintiff has not pled whether his conviction or sentence has been reversed or otherwise invalidated. As such, the Court cannot tell if his constitutional claims have accrued yet or are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.*

If Mr. Greene's conviction or sentence has not yet been reversed or invalidated, his constitutional claims must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*, No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).

If Mr. Greene wishes to pursue his claims, he must either (1) file an amended complaint by May 26, 2023 alleging that his underlying conviction or sentence has been invalidated or reversed; or (2) file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 880, 886 (9th Cir. 2004) (en banc). Section 2254 (b)–(d) outlines the various requirements an individual must exhaust before filing such a petition.

**B.  Claims under 42 U.S.C. §§ 1981, 1985, and 1986**

42 U.S.C. § 1981 provides a right of action to protect the equal right to make and enforce contracts. 42 U.S.C. § 1985 prohibits conspiracy to interfere with civil rights. 42 U.S.C. § 1986 generally prohibits the prevention of wrongs under 42 U.S.C. § 1985.

The *Heck* holding extends to claims brought under 28 U.S.C. § 1985 in addition to those brought under 28 U.S.C. § 1983. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004).

While the Court has not found any case law regarding the extension of *Heck* to a claim under 42 U.S.C. § 1986 or 1981, it only follows under *McQuillion v. Schwarzenegger* that *Heck* would similarly extend to claims under these statutes. 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) (agreeing with other circuits that *Heck* applies equally to claims brought under §§ 1983, 1985, and 1986); *see also Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("*Heck* therefore applies

with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims.").

As a result, if Mr. Greene wishes to pursue these claims, he must either (1) file an amended complaint by May 26, 2023 alleging that his underlying conviction or sentence has been invalidated or reversed; or (2) file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See White*, 370 F.3d at 1006. Section 2254 (b)–(d) outlines the various requirements an individual must exhaust before filing such a petition.

### C. Remainder of Claims

The Court notes that Plaintiff listed several other "claims" (Racial Discrimination, Conspiracy, Liability, Legal Malpractice).

The racial discrimination claim is duplicative of his 42 U.S.C. § 1981 claim. As a result, the Court recommends that this claim be dismissed with prejudice.

There is no such thing as a claim for "liability" or "legal malpractice." It is clear to the Court that plaintiff is attempting to explain that the Defendants' conduct, which he characterizes as "malpractice," should result in some sort of liability. Once again, the essence of this claim is sufficiently captured through his 42 U.S.C. § 1983 claims. As a result, the Court recommends that these claims be dismissed with prejudice.

Last is the claim for conspiracy. First, this claim is duplicative of the 42 U.S.C. § 1985 claim. If, on the other hand, this is meant to be a claim for criminal conspiracy, Plaintiff does not have the authority to bring such a claim. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Delbert Greene's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at the government's expense.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice. Plaintiff will be allowed to amend his claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. If Plaintiff wishes to file an amended complaint in this case, he must do so by May 26, 2023. In his amended complaint, **he must state whether his underlying conviction or sentence has been reversed or invalidated**. Failure to comply with this order will result in a recommendation that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff copies of an *in forma pauperis* application for a prisoner, instructions for the same, a blank 28 U.S.C. § 2254 habeas corpus form, and instructions for the same.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file a habeas corpus petition and an *in forma pauperis* application, he must do so in a new case.

**IT IS RECOMMENDED** that Plaintiff's claims for Racial Discrimination, Conspiracy, Liability, and Legal Malpractice be dismissed with prejudice.

### IV.  Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 26, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE