UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Delbert M. Greene,<br><br>           Plaintiff,<br><br>  v.<br><br>Steven D. Grierson, *et al.*,<br><br>          Defendants. | Case No. 2:23-cv-00461-RFB-BNW<br><br>**Screening Order** |

**I.     Background**

This action was initiated on March 29, 2023 when Plaintiff filed his complaint alleging several causes of action for conduct that transpired prior to and during his trial, which resulted in what he believes was an unconstitutional confinement. The listed claims in his original complaint included violations under 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1985, 42 U.S.C. § 1986, racial discrimination, conspiracy, liability, and legal malpractice.

This Court screened his complaint on April 26, 2023 and entered an Order and Report and Recommendation. ECF No. 6. In essence, this Court explained the principles underlying *Heck v. Humphrey*, 512 U.S. 477 (1994) and explained that in order for his claims to proceed Plaintiff would need to be able to state whether his underlying conviction or sentence has been invalidated or reversed. This Court recommended the dismissal of certain claims (Racial Discrimination, Conspiracy, Liability, Legal Malpractice) and allowed Plaintiff to amend the 42 U.S.C. §§ 1983, 1981, 1985 and 1986.

Plaintiff filed an amended complaint on May 4, 2023 and also filed an "objection" to this Court's Report and Recommendation. ECF Nos. 8 and 9. After reading the "objection" in conjunction with his amended complaint, this Court construed the "objection" as an explanation

of why his original complaint was incomplete and thus denies it as moot.[1] Lastly, this Court will now screen the amended complaint.

## II.     Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

---

[1] This Court notes Plaintiff does not take issue with the claims this Court previously recommended be dismissed with prejudice. Instead, Plaintiff's "Objection" simply attempts to cure the deficiencies in his original complaint by indicating that his conviction has been set aside.

1  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
2  plaintiff should be given leave to amend the complaint with notice regarding the complaint's
3  deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).
4       Plaintiff's Motion to Amend simply contains the legal requisites for parties to amend
5  complaints. Plaintiff has already been authorized to amend his complaint. As a result, he does
6  not need to seek permission to do so. What is missing is the actual amended complaint, where
7  Plaintiff recites all of the facts that constitute claims under 42 U.S.C. §§ 1983, 1981, 1985 and
8  1986. That is, Plaintiff's amended complaint must contain all of the facts that he alleged in his
9  original complaint (ECF No.1) and must also include whether his prior conviction was set
10 aside or invalidated.
11      If Plaintiff chooses to file an amended complaint, Plaintiff is advised all defendants
12 must be identified in the caption of the pleading and that he must specify which claims he is
13 alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a
14 flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims
15 Plaintiff is alleging against each defendant. Specifically, Plaintiff must allege facts showing
16 how each named defendant is involved and the approximate dates of their involvement.
17      Finally, Plaintiff is advised that if he files an amended complaint, the amended
18 complaint must be complete in and of itself without reference to prior pleadings or to other
19 documents.
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Amend" (ECF No. 8) is DENIED.

**IT IS FURTHER ORDERED** that the "Objection" (ECF No. 9) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff shall have until September 15, 2023 to file an amended complaint.

DATED: August 2, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE