UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DELBERT GREENE,<br><br>  Plaintiff,<br><br>v.<br><br>STEVEN GRIERSON, et al.,<br><br>  Defendant. | Case No. 2:23-cv-00461-RFB-BNW<br><br>**ORDER** |

Plaintiff filed a motion requesting leave to file a Second Amended Complaint. ECF No. 13. This Court granted the request. ECF No. 15. Upon reviewing the proposed Second Amended Complaint (ECF No. 13-1) it is clear it is not full and complete. That is, the Second Amended Complaint at ECF No. 13-1 does not contain the other claims Plaintiff sought to assert at ECF Nos. 7, 11. Instead, the Second Amended Complaint only seeks a "full federal investigation." ECF No. 13-1 at 2. As a result, this Court will dismiss the Second Amended Complaint with leave to amend.

**I.    ANALYSIS**

   **A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening the Second Amended Complaint**

As alluded to above, Plaintiff's Second Amended Complaint does not contain any factual allegations. Instead, it simply requests a full investigation into allegations that are the subject of previous complaints. The problem is that amended complaints supersede previous complaint(s). *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). As a result, the Court cannot refer to prior complaints to figure out what claims Plaintiff wishes to pursue. Thus, the Court will dismiss Plaintiff's Second Amended Complaint and allow him to file a Third Amended Complaint. Plaintiff's Third Amended Complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file his Third Amended Complaint on this Court's approved form, which the Clerk of Court will send Plaintiff.

**IT IS ORDERED** that Plaintiff's Second Amended Complaint (ECF No. 13-1) is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court detach and file Plaintiff's Second Amended Complaint (ECF NO. 13-1) on the docket.

**IT IS FURTHER ORDERED** that Plaintiff's complete Third Amended Complaint is due by December 27, 2024. Failure to file a Third Amended Complaint by that date may result in a recommendation that the case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the prisoner, pro se form complaint.

DATED: November 27, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE